IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Philip C. Shierk
1404 Eder Lane Apt. 4
West Bend, WI 53095

    Plaintiff,

Case No.:

v.

ALCO Capital Group, LLC
225 S Executive Dr. Suite 200
Brookfield, WI 53005

And

Dobberstein Law Firm, LLC
225 S Executive Dr. Suite 201
Brookfield, WI 53005

    Defendants.

## COMPLAINT

The above referenced Plaintiff, Philip C. Shierk, by The Law Office of Rollie R. Hanson, S.C., files this Complaint for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices to collect or attempt to collect on a debt.

1. The Plaintiff is an adult residing at 1404 Eder Lane Apt. 4 in the City of West Bend, 53095, Washington County, State of Wisconsin.

2. Defendant, ALCO Capital Group, LLC ("ALCO"), is a limited liability company engaged in the business of collecting debts in this state with its principal place of business located at

225 S Executive Dr. Suite 201 Brookfield, WI 53005. ALCO is engaged in the collection of debts from consumers using the mail and telephone. ALCO regularly attempts to collect consumer debts alleged to be due to another. ALCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3. Defendant, Dobberstein Law Firm, LLC ("DLF"), is a limited liability company also engaged in the business of collecting debts in this state with a principal place of business at 225 S Executive Dr., Brookfield, WI 53005. DLF is engaged in the collection of debts from consumers using the mail and telephone. DLF regularly attempts to collect consumer debts alleged to be due to another. DLF is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 12 U.S.C. § 2605 and 28 U.S.C. §§ 1331and 1332 as well as 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here in the Eastern District of WI. In addition, the Court has Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 for any ancillary claims related to this action.

2. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the events giving rise to this action took place in the Eastern District of Wisconsin.

## Introduction

3. This case involves illegal taking of the Plaintiff's property by the Defendants and through an illegal garnishment against the Plaintiff. On or about December 17, 2020, DLF, under

ALCO's guidance and instruction, garnished a total of $648.31 of the Plaintiff's wages over four weekly pay periods. The money judgment in question actually expired on or about January 24, 2020. However, Defendants falsely asserted claims that the Plaintiff still owed an amount of over $20,000.

4. The Plaintiff did not owe any money under the expired judgment and disputed the Defendants' contention that the judgment was still due. Still, the Defendants continued in pursuing this judgment through a wage garnishment action and attempted lien on the Plaintiff's property. By their conduct, the Defendants jointly and severally have violated several provisions of the Fair Debt Collection Practices Act.

5. In addition, the Defendants converted the Plaintiff's property by illegal means.

### Factual Allegations

6. Plaintiff incorporates by reference the paragraphs stated above as though fully stated herein.

7. ALCO obtained a money judgment against the Plaintiff from First Resolution Investment Corporation through an assignment arising from a Kenosha County case, no. 1999CV001119. The judgment from this case, entered on or about January 24, 2000, has since expired on or about January 24, 2020.

8. Upon information and belief, DLF, at the behest of ALCO, continued to pursue collection on this expired judgment, alleging that the Plaintiff still owed under the judgment, the majority of which is alleged as post judgment statutory interest. The Defendants commenced a wage garnishment action in Kenosha County beginning on or about December 17, 2020 under the expired judgment, asserting that the Plaintiff owed $23,279.74.

9. The Defendants then garnished $648.31 from the Plaintiff's paycheck for four pay periods over the next four weeks, causing economic hardship, emotional distress, and mental anguish for the Plaintiff.

10. The Plaintiff contested the garnishments and the Defendants then commenced a further action seeking to collect the expired judgment on March 13, 2020 in Walworth County, case no. 2020CV000180. The Plaintiff appropriately responded to the complaint and informed the court that this judgment was expired and void. The Plaintiff vehemently protested the Defendants' actions before the Court.

11. Thereafter, the Defendants petitioned to transfer the case to Washington County, case no. 2020CV000455, with the documents transmitted on September 18, 2020 and assignment of a judge on September 23, 2020.

12. The Defendants caused the case to be dismissed on March 13, 2021 reserving the Right to Reopen even though the Plaintiff had no right to reopen and pursue any claim against the Plaintiff or to continue the garnishment. DLF eventually returned the $648.31 via a check dated February 15, 2021.

## CLAIM I

13. The Plaintiff realleges the above paragraphs as if fully set forth herein.

14. The Defendants engaged in illegal collection actions in regard to but not limited to the following: DLF, acting on ALCO's behalf, have illegally taken money from the Plaintiff through the illegitimate wage garnishment. The garnishments were an illegal attempt to collect funds because the underlying judgment had expired under Wisconsin law. The money judgment against the Plaintiff had expired on January 24, 2020 and was no longer valid at the time of the garnishment. The Defendants' actions and representations

constitute unfair and unconscionable acts in violation of 15 U.S.C. § 1692f. Further, the Defendants were engaged in illegally collecting a debt that was not owed in violation of 15 U.S.C. § 1692f(1) as well as other provisions of the Fair Debt Collection Practices Act.

## CLAIM II

15. The Plaintiff realleges the above paragraphs as if fully set forth herein.

16. The Defendants also continued to pursue the collection of an illegal debt by seeking another inappropriate judgment against the Plaintiff in Walworth County. The March 13, 2020 litigation, where the Defendants again allege the Plaintiff owes over $20,000 to ALCO and seek judgment against him, is another attempt to collect a debt not owed by the Plaintiff. Furthermore, the Defendants' petition to transfer the case to another county constitutes another deliberate action in collecting on an illegal debt against the Plaintiff. These actions and representations likewise constitute unfair and unconscionable acts in violation of 15 U.S.C. § 1692f. The Defendants were once again engaged in illegally collecting a debt that was not owed in violation of 15 U.S.C. § 1692f(1) as well as other provisions of the Fair Debt Collection Practices Act.

## CLAIM III

17. The Plaintiff realleges the above paragraphs as if fully set forth herein.

18. By engaging in their inappropriate collection practices, including the wage garnishment action among other things, Defendants have acted in a harassing and abusive manner toward the Plaintiff. The Defendants' actions have resulted in harassment and abuse toward the Plaintiff because this is an illegitimate debt being collected that the Plaintiff does not owe. These actions are in direct violation of § 1692d of the Fair Debt Collection

Practices which prohibits conduct that results in harassment, oppression, or abuse to any person connected with the attempted collection of a debt.

## CLAIM IV

19. The Plaintiff realleges the above paragraphs as if fully set forth herein.

20. By seeking out the expired money judgment, Defendants are offering a false, misleading, and deceptive representation in connection to a collection of a debt. The Defendants are misrepresenting the character, amount, and legal status of the alleged debt by asserting that a balance is still owed. However, the judgment has since expired, and their representations are false and misleading. Defendants' misrepresentations violate § 1692e(2)(a) of the Fair Debt Collection Practices Act, prohibiting such false representations.

## CLAIM V

21. The Plaintiff realleges the above paragraphs as if fully set forth herein.

22. Through the illegal wage garnishment, DLF and ALCO jointly and severally converted the Plaintiff's money and substantially interfered with his right to control his chattel. DLF and ALCO took the Plaintiff's money; controlled it without his consent or lawful authority; and seriously interfered with his rights to possess and control his property.

23. Although the Defendants returned the money in DLF's February 22 letter, the Defendants still deprived the Plaintiff of his ability and right to control his money for roughly two to three months. At a minimum, the Plaintiff has lost the time value of the illegally garnished money over the entire period the money was not in his possession causing emotional distress and mental anguish in reckless disregard of the Plaintiff's property rights.

## CLAIM VI

24. The Plaintiff realleges the above paragraphs as if fully set forth herein.

25. Alternatively, the Defendants have conspired to convert the Plaintiff's property through the illegal wage garnishment. Both ALCO and DLF came to a mutual understanding in order to violate the law. They both intentionally and knowingly converted the Plaintiff's money by garnishing his wages without consent or authority which resulted in serious interference with his right to control and possess his property. ALCO and DLF accomplished this through an agreement, explicit or otherwise, to illegally garnish the Plaintiff's wages.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands all actual, statutory, and punitive damages, including but not limited to the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages including emotional pain and suffering and mental anguish;
3. Statutory damages pursuant to 15 U.S.C. § 1692k;
4. Costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1692k; and
5. Punitive damages including but not limited to damages allowed under Wis. Stat. § 895.043 for reckless disregard for the Plaintiff's property, rights, and well-being; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all such triable issues.

Dated this 26th day of July, 2021 at West Allis, Wisconsin.

*/s/ Rollie R. Hanson*_____<br>
Rollie R. Hanson, Attorney for Plaintiff<br>
State Bar No. 1011293

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6767 W Greenfield Ave, Suite 201
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net